# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEWSTAR SOURCING AND SERVICE, LLC,<br><br>                             Plaintiff,<br><br>vs.<br><br>DAVID PATEE; DANIEL PATEE; and CONSUMERS SUPPLY DISTRIBUTING, LLC,<br><br>                            Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff NewStar Sourcing and Service, LLC ("**NewStar**"), as and for its Complaint against Defendants David Patee, Daniel Patee, and Consumers Supply Distributing, LLC ("**CSD**," or collectively with David Patee and Daniel Patee, "**Defendants**"), states and alleges as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.      NewStar is a limited liability company duly operating under the laws of Nebraska and with a principal office address at 10288 South 134th Street, Omaha, NE 68138.

2.      David Patee is, on information and belief, a resident of the state of South Dakota residing in Union County. David Patee has at least minimum contacts with the State of Nebraska, transacts business in the State of Nebraska, and has caused injury within the State of Nebraska.

3.      David Patee is the President of CSD.

4.      Daniel Patee is, on information and belief, a resident of the state of South Dakota residing in Union County. Daniel Patee has at least minimum contacts with the State of

2494363.9

Nebraska, transacts business in the State of Nebraska, and has caused injury within the State of Nebraska.

5. Daniel Patee is the Vice President of CSD.

6. CSD is, on information and belief, a limited liability company duly operating under the laws of Minnesota and with a principal office address at 718 North Derby Lane, North Sioux City, SD 57049. CSD has at least minimum contacts with the State of Nebraska, transacts business in the State of Nebraska, and has caused injury within the State of Nebraska.

7. This Court has jurisdiction over the subject matter of NewStar's claims pursuant to 15 U.S.C. §§ 15 and 26 and 28 U.S.C. §§ 1331, 1332, and 1337.

8. Supplemental jurisdiction over the Nebraska state law claims alleged herein is also invoked pursuant to 28 U.S.C. § 1367. The claims that arise under state law are so related to claims within the original jurisdiction of this Court that they form a part of the same case and controversy under Article III of the United States Constitution.

9. Venue is proper in this district pursuant to 15 U.S.C. §§ 22 and 26 and 28 U.S.C. § 1391 because Defendants transact business in this district. Additionally, a substantial part of the interstate trade and commerce involved and affected by the violation of the antitrust laws alleged herein was and is carried on within this district, and the acts complained of have had, and will have, substantial anticompetitive effects in this district.

## FACTUAL BACKGROUND

### Trade and Commerce

10. NewStar has engaged in the business of selling, marketing, and distributing agricultural feed additives, feed ingredients, and other related supplies and products within the flow, and using means, of interstate commerce since 2017. NewStar sells, markets, and

distributes agricultural feed additives, feed ingredients, and other related supplies and products in, among other states, the State of Nebraska.

11. On information and belief, CSD has engaged in the business of selling agricultural feed additives, feed ingredients, and other related supplies and products within the flow, and using means, of interstate commerce since 1956. CSD sells agricultural feed additives, feed ingredients, and other related supplies and products in, among other states, the State of Nebraska.

12. As the President and Vice President of CSD, David Patee and Daniel Patee have engaged in the business of selling agricultural feed additives, feed ingredients, and other related supplies and products within the flow, and using means, of interstate commerce at all times relevant to this action.

### Relevant Market

13. The product market relevant to NewStar's antitrust causes of action is the wholesale market for agricultural feed additives and ingredients, and the geographic market relevant to NewStar's antitrust causes of action is the Midwest region of the United States, to include the states of Nebraska, South Dakota, Minnesota, Iowa, Missouri, and Wisconsin. This market is referred to herein as the "**Midwestern Feed Product Market**."

14. Agricultural feed additives and ingredients are commodities that include plant products and byproducts, animal products and byproducts, chemically-synthesized vitamin, mineral, and other supplements, and other manufactured nutrients that are intended for livestock consumption.

15. In the agricultural feed additive and ingredient supply chain, agricultural feed additive and ingredient is typically produced by an initial producer, which sells the agricultural

2494363.9

feed additive and ingredient to one or more suppliers or dealers (an "**Agricultural Feed Product Supplier**"), which market and sell the agricultural feed additive and ingredient to other Agricultural Feed Product Suppliers or end users.

16. NewStar and CSD have been Agricultural Feed Product Suppliers within the Midwestern Feed Product Market at all times pertinent to this action.

17. The Midwestern Feed Product Market has two primary supply-side market participants: Nutra-Blend, LLC and CSD.

18. On information and belief, other than Nutra-Blend, LLC and CSD, there is a limited group of smaller supply-side market participants, including NewStar, in the Midwestern Feed Product Market.

19. On information and belief, before NewStar entered the Midwestern Feed Product Market, Nutra-Blend, LLC primarily marketed and sold the types of goods and services offered by CSD to cooperative organizations and members within the Midwestern Feed Product Market, and given the size of the other supply-side competitors within the Midwestern Feed Product Market, CSD possesses, can exercise, and has exercised sufficient market power for supracompetitive pricing within the Midwestern Feed Product Market for non-cooperative customers.

20. Shortly after NewStar entered the Midwestern Feed Product Market as a new Agricultural Feed Product Supplier, CSD, through David Patee and Daniel Patee, began taking actions that exhibit a pattern of predatory and anticompetitive practices designed to drive NewStar out of business and regain, retain, or achieve monopoly power within the non-cooperative Midwestern Feed Product Market.

**Defendants' Attempts to Disrupt NewStar's Vendor Relationships**

21. On information and belief, Defendants instructed multiple agricultural feed product vendors to refuse to do business with, and refuse to supply agricultural feed additives, ingredients, and related supplies and products to, NewStar (collectively, the "**Vendors**"). For example:

    a. On information and belief, in late 2017, Daniel Patee contacted senior managers of RALCO Animal Nutrition and instructed them to not do business with NewStar;

    b. On information and belief, a representative of CSD contacted a representative of Midwest Ag Supplements, LLC and instructed that representative to not do business with NewStar;

    c. On information and belief, a representative of CSD contacted a representative of Lallemond Animal Nutrition and instructed that representative to not do business with NewStar; and

22. Defendants instructed the Vendors to refuse to do business with NewStar with the intent and for the purpose of driving NewStar out of business.

23. As a direct and proximate result of Defendants' attempts to disrupt NewStar's vendor relationships, NewStar has lost business relationships and opportunities.

**Defendants' Predatory Pricing**

24. On information and belief, CSD is selling various agricultural feed products in the Midwestern Feed Product Market below those products' fair market values and below the applicable appropriate measure of CSD's costs (collectively, the "**Below-Cost Products**").

25. The Below-Cost Products include, but are not limited to, Maxi Bond, which is manufactured by AGresearch, Inc.

26. On information and belief, David Patee contacted a representative of AGresearch, Inc. and advised the representative that CSD intended to sell AGresearch, Inc.'s products with minimal profit margins, or below the applicable appropriate measure of CSD's costs if necessary, in an effort to drive NewStar out of business.

27. On information and belief, CSD did in fact follow through with its representation to AGresearch, Inc. and sell Maxi Bond—which costs CSD approximately $48.50 per bag—in the Midwestern Feed Product Market for approximately $48.31 per bag. Before NewStar entered the Midwestern Feed Product Market, CSD was selling Maxi Bond within the Midwestern Feed Product Market for $51.60 per bag.

28. CSD is selling the Below-Cost Products with the authority, and under the direction, of David Patee and Daniel Patee, and with the specific intent to drive NewStar out of business, thereby eliminating NewStar from the Midwestern Feed Product Market and destroying competition.

29. If CSD is successful in driving NewStar out of business, CSD will be in a position to be the only large Agricultural Feed Product Supplier in the Midwestern Feed Product Market selling agricultural feed to non-cooperative customers, as was the case prior to NewStar's entry into the Midwestern Feed Product Market. Therefore, there is a reasonable prospect, and a dangerous probability, that if CSD is successful in driving NewStar out of business, CSD will be able to raise the current prices of the Below-Cost Products to supracompetitive prices that allows CSD to recoup the losses it has sustained, and is sustaining, as a result of the current prices of the Below-Cost Products.

30. As a direct and proximate result of CSD's predatory and anti-competitive actions, the Midwestern Feed Product Market has suffered, and continues to suffer, a harm to competition.

31. As a direct and proximate result of CSD's predatory and anti-competitive actions, NewStar has suffered, and continues to suffer, lost sales, profits, and other damages in an amount to be proven with specificity at trial.

### Defendants' Price Discrimination

32. On information and belief, CSD has sold, and is contemporaneously selling, agricultural feed products that are of like grade and quality when compared to the Below-Cost Products in markets outside of the Midwestern Feed Product Market for prices at or above those products' fair market values, the applicable appropriate measure of CSD's costs, and the prices charged for the Below-Cost Products. These agricultural feed products include, but are not necessarily limited to:.

   a. Availa-4, which is sold in the Midwestern Feed Product Market for $103.22 per bag and outside the Midwestern Feed Product Market for $104.96 per bag.

   b. AvailaZn 120, which is sold in the Midwestern Feed Product Market for $97.47 per bag and outside the Midwestern Feed Product Market for $101.41 per bag.

   c. Availa-4, which is sold in the Midwestern Feed Product Market for $153.73 per bag and outside the Midwestern Feed Product Market for $155.93 per bag.

33. On information and belief, consumers located outside of the Midwestern Feed Product Market have actually purchased, and are actually purchasing, agricultural feed products that are of like grade and quality when compared to the Below-Cost Products at prices higher than the prices CSD charged, and is charging, for the Below-Cost Products within the Midwestern Feed Product Market.

## COUNT I
## VIOLATION OF NEBRASKA STATUTES § 59-805

34. NewStar restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

35. CSD is a limited liability company engaged in business within Nebraska.

36. David Patee and Daniel Patee are persons engaged in business within Nebraska.

37. Defendants have instructed the Vendors to refuse to do business with, and refuse to supply agricultural feed to, NewStar with the intent, and for the purpose, of driving NewStar out of business.

38. CSD has sold the Below-Cost Products within the Midwestern Feed Product Market at prices below fair market value, with the authority, and under the direction, of David Patee and Daniel Patee, and with the intent, and for the purpose, of driving NewStar out of business.

39. Defendants have violated Nebraska Statutes § 59-805.

40. Defendants are civilly liable to NewStar for their violation of Nebraska Statutes § 59-805 by virtue of, among other things, Nebraska Statutes § 59-821.

41. As a direct and proximate result of Defendants' violation of Nebraska Statutes § 59-805, NewStar has suffered damages in an amount in excess of $75,000.00 and to be

established with specificity at trial and is entitled to its attorneys' fees pursuant to Nebraska Statutes § 59-821.

## COUNT II
## VIOLATION OF NEBRASKA STATUTES § 59-816

42. NewStar restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

43. CSD is a limited liability company engaged in business within Nebraska.

44. David Patee and Daniel Patee are the President and Vice President, respectfully of CSD.

45. Defendants violated, united to violate, or voted for or consented to the violation of section 59-816.

46. Pursuant to Nebraska Statutes §§ 59-816 and 59-821, David Patee and Daniel Patee are personally liable for all the debts and obligations of CSD, including, but not limited to, any debt owed to NewStar.

## COUNT III
## VIOLATION OF THE SHERMAN ANTITRUST ACT (15 U.S.C. § 2)

47. NewStar restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

48. CSD has sold, and is selling, the Below-Cost Products at prices below the applicable appropriate measure of CSD's costs with a specific intent to control prices, destroy competition, and achieve monopoly power within the Midwestern Feed Product Market.

49. There is a dangerous probability that CSD will achieve its goal of regaining, retaining, or obtaining monopoly power in the Midwestern Feed Product Market if they continue

to engage in the conduct described herein because CSD has sufficient market power to, and actually does, exclude its competitors through the use of below-cost pricing.

50. There is a dangerous probability that CSD will recoup the losses it has incurred due to below-cost pricing by charging supracompetitive prices once CSD has achieved its goal of excluding and driving out competitors from the Midwestern Feed Product Market.

51. There is no appropriate or legitimate business justification for CSD's anticompetitive conduct.

52. CSD's anticompetitive conduct is in violation of 15 U.S.C. § 2, and the injuries caused by CSD's anticompetitive conduct are the type intended to be prevented by the Sherman Antitrust Act.

53. David Patee and Daniel Patee are liable for CSD's violation of 15 U.S.C. § 2 by virtue of 15 U.S.C. § 24 because David Patee and Daniel Patee authorized and ordered the acts constituting such violation.

54. As a direct and proximate result of CSD's attempt to achieve monopoly power through anticompetitive conduct, NewStar has suffered a causal antitrust injury and damages in an amount to be established with specificity at trial.

## COUNT IV
## VIOLATION OF THE ROBINSON-PATMAN ACT (15 U.S.C. § 13(a))

55. NewStar restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

56. CSD offers agricultural feed products for sale in interstate commerce.

57. In the course of such commerce, CSD has discriminated in the price charged for the Below-Cost Products in the Midwestern Feed Product Market and the price charged for

agricultural feed products of like grade and quality sold outside of the Midwestern Feed Product Market.

58. In the course of such commerce, consumers have actually purchased such goods at different prices.

59. CSD has sold, and is selling, the Below-Cost Products for prices below the applicable appropriate measure of CSD's costs.

60. The effect of CSD's price discrimination is a reasonable possibility of a substantial lessening of competition or tendency to create a monopoly in the Midwestern Feed Product Market.

61. There is a reasonable prospect that CSD will recoup the losses it has incurred due to below-cost pricing by charging supracompetitive prices once CSD has achieved its goal of excluding and driving out competitors from the Midwestern Feed Product Market.

62. There is no appropriate or legitimate business justification for CSD's anticompetitive conduct.

63. CSD's anticompetitive conduct is in violation of 15 U.S.C. § 13(a), and the injuries caused by CSD's anticompetitive conduct are the type intended to be prevented by the Robinson-Patman Act.

64. David Patee and Daniel Patee are liable for CSD's violation of 15 U.S.C. § 13(a) by virtue of 15 U.S.C. § 24 because David Patee and Daniel Patee authorized and ordered the acts constituting such violation.

65. As a direct and proximate result of CSD's attempt to achieve monopoly power through anticompetitive conduct, NewStar has suffered actual injury and a causal antitrust injury in an amount to be established with specificity at trial.

**NOW, THEREFORE**, NewStar prays for judgment against Defendants as follows:

a. On Counts I and II, for a judgment in favor of NewStar, and against Defendants, jointly and severally, in an amount in excess of $75,000.00 and to be proven with specificity at trial.

b. On Count III, for a judgment in favor of NewStar, and against Defendants, in an amount equal to NewStar's compensatory damages to be proven with specificity at trial, plus additional damages in an amount equal to three times NewStar's compensatory damages pursuant to 15 U.S.C. § 15, and immediate and permanent injunctive relief pursuant to 15 U.S.C. § 26;

c. On Count IV, for a judgment in favor of NewStar, and against Defendants, in an amount equal to NewStar's compensatory damages to be proven with specificity at trial, plus additional damages in an amount equal to three times NewStar's compensatory damages pursuant to 15 U.S.C. § 15, and immediate and permanent injunctive relief pursuant to 15 U.S.C. § 26;

d. An award of NewStar's reasonable attorneys' fees, costs, and disbursements; and

e. For such other and further relief as the Court may deem just and equitable.

Dated this 21st day of May, 2019.

    /s/ Michael S. Dove
Michael S. Dove
GISLASON & HUNTER LLP
2700 South Broadway
P. O. Box 458
New Ulm, MN 56073-0458
Phone: 507-354-3111
Fax: 507-354-8447
Email:    mdove@gislason.com

AND

Andre R. Barry
Megan S. Wright
Cline, Williams, Wright, Johnson & Oldfather, L.L.P.
233 South 13th Street
1900 US Bank Building
Lincoln, NE 68508
Phone: 402-474-6900
Fax: 402-474-5393
Email:    abarry@clinewilliams.com
            mwright@clinewilliams.com

*Attorneys for Plaintiff, NewStar Sourcing and Service, LLC*

2494363.9